UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESMOND HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00380-JRO-MJD |
| | ) |
| CHAPLAIN SHIPMAN, | ) |
| DAVID LIEBEL, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO PROSECUTE**

Plaintiff Desmond Hill, an inmate at Wabash Valley Correctional Facility, has been pursuing 42 U.S.C. § 1983 and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, claims against the defendants. Dkt. 10. On May 18, 2026, the defendants filed a motion to dismiss for failure to prosecute. Dkt. 30. For the reasons set forth, that motion, dkt. 30, is **GRANTED**.

**I. PROCEDURAL HISTORY**

Mr. Hill filed his *pro se* complaint on February 25, 2025. Dkt. 1. The Court screened his complaint pursuant to 28 U.S.C. § 1915A, and the case proceeded on First Amendment Free Exercise Clause claims for injunctive relief and damages against the defendants pursuant to 42 U.S.C. § 1983 and on RLUIPA claims for damages against the defendants. Dkt. 10. The defendants asserted the affirmative defense of Mr. Hill's failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42

U.S.C. § 1997.  Dkt. 16.  Thus, the Court issued an Entry Directing Development of Exhaustion Defense and Issuing Partial Stay.  Dkt. 17 (Jan. 5, 2026).

On February 26, 2026, the Magistrate Judge held a discovery conference, and all parties appeared.  Dkt. 24.  At the conference, the parties represented that Mr. Hill had failed to comply with the Exhaustion Entry deadlines, having both failed to exchange his initial disclosures on or before January 21 and failed to respond to the defendants' request for production.[1]  *Id.*; dkt. 17. The Magistrate Judge ordered Mr. Hill to file his initial disclosures with the Court by no later than March 5 and to respond to the defendants' request for production by no later than March 12.[2]  Dkt. 24.   The Magistrate Judge authorized the defendants to move to compel if Mr. Hill failed to comply with either deadline.

Mr. Hill failed to comply.  So the defendants filed a motion to compel initial disclosures and response to defendants' request for production on March 17, 2026.  Dkt. 25.  The Court granted the motion and "**ORDERED** that, within **14 days of the date of this Order**, Plaintiff shall **file with the Court** his exhaustion-related initial disclosures and his responses to Defendants' exhaustion-related requests for production[.]" Dkt. 29 (Apr. 20, 2026) (emphasis in original). The Court warned Mr. Hill that "[**f**]**ailure to** . . . **comply with this Order may subject Plaintiff to sanctions**, **including dismissal of his claims**." *Id.* (emphasis in original) (citing Fed. R. Civ. P. 37(b)(2)).

---

[1] Mr. Hill purported to have not received the request.

[2] The March 12 deadline had the caveat that Mr. Hill must have received the request for production by March 5. The defendants filed and served their request for production on February 26, 2026.  Dkt. 23.

The deadline for Mr. Hill to file his exhaustion-related discovery documents has passed, and Mr. Hill has not filed them.  The defendants have moved to dismiss for failure to prosecute.  Dkt. 30.

## II. LEGAL STANDARD

Fed. R. Civ. P. 41(b) permits a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]"  Additionally, on such a motion, a court may dismiss an action for a plaintiff's "fail[ure] to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C); *see* Fed. R. Civ. P. 37(b)(2)(A)(v).  At the outset of this litigation, the Court notified Mr. Hill of his obligation "to comply with the Federal Rules of Civil Procedure[.]"  Dkt. 5.

## III. ANALYSIS

Because the Court ordered Mr. Hill to file his exhaustion-related discovery documents on the docket, dkt. 29, and he has not done so, it is clear that Mr. Hill has not complied with Court orders.  He has flouted three separate deadlines the Court has ordered, dkts. 17, 24, 29, and he was warned that potential consequences included dismissal.  Dkt. 29.

In granting a motion to dismiss for want of prosecution:

the district court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures of the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993)).  Considering

Mr. Hill's repeated failures to meet deadlines, his *pro se* status with no counsel to blame, and the delays caused by his failure to cooperate in discovery related to the exhaustion defense, the Court finds dismissal appropriate.  The Court's April 20, 2026 Order provided Mr. Hill an explicit warning such that his case may be dismissed.  *See generally Ball v. City of Chi.*, 2 F.3d 752, 760 (7th Cir. 1993) ("there must be an explicit warning before the case is dismissed").

### IV. CONCLUSION

Defendants' motion to dismiss for failure to prosecute, dkt. [30], is **GRANTED**.  This action is **DISMISSED with prejudice**.  *See* Fed. R. Civ. P. 41(b).  Final Judgment in accordance with this Order shall now issue by separate entry.

**SO ORDERED.**

Date: 5/26/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DESMOND HILL
265968
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Timothy Michael Hamilton
Office of Indiana Attorney General
timothy.hamilton@atg.in.gov

Katherine A Meltzer
Office of Indiana Attorney General
katherine.meltzer@atg.in.gov